UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALBERTO ARTHUR,

        Petitioner,    DECISION AND ORDER

                 07-CV-6158 CJS (VEB)
vs.                  07-CV-6473 CJS (VEB)

ALBERTO GONZALES, Attorney General,
MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security,
WILLIAM CLEARY, U.S. I.C.E. Field Office
Director and CHARLES MULE, Facility Director,

        Respondents.
_____

APPEARANCES

For Petitioner:   Alberto Arthur, *pro se*
        #A37-176-123
        Clinton County Jail
        25 McCarthy Drive
        Plattsburg, New York 12901

For Respondents:  Gail Y. Mitchell, Esq.
        Assistant United States Attorney
        138 Delaware Avenue
        Buffalo, New York 14202

INTRODUCTION

  Petitioner, who has been found to be a deportable criminal alien under the Immigration and Naturalization Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) ("aggravated felony"), brought the two above-referenced actions pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE"). The undersigned referred the matters to the

1

Honorable Victor E. Bianchini, United States Magistrate Judge. On August 6, 2008, Judge Bianchini issued a Report and Recommendation (Case No. 07-CV-6158, Docket [#17]) (Case No. 07-CV-6473, Docket [#9]), recommending that the actions be consolidated and dismissed. On August 20, 2008, Petitioner filed objections to the Report and Recommendation (Case No. 07-CV-6158, Docket [#18]) (Case No. 07-CV-6473, Docket [#10]). For the reasons discussed below, the Court denies Petitioner's objections, adopts the Report and Recommendation and dismisses the consolidated action.

## FACTUAL BACKGROUND

The facts of this case may be briefly stated as follows: Petitioner is a native of Panama, and the parties dispute his citizenship. Respondents maintain that Petitioner is a citizen of Panama, while Petitioner maintains that he is a citizen of the United States. Petitioner was lawfully admitted to the United States on or about May 15, 1983. In 1991 Petitioner was convicted of Sexual Abuse in the First Degree, New York Penal Law § 130.65(3), a felony, in Onondaga County Court. On July 31, 2006, DHS/ICE commenced removal proceedings, alleging that Petitioner was removable as an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(A) ("sexual abuse of a minor"). On April 16, 2007, an Immigration Judge issued an order directing that Petitioner be removed from the United States to Panama. In that regard, the Immigration Judge found that Petitioner had failed to prove that he was a citizen of the United States, and that DHS/ICE had established Petitioner's conviction of an aggravated felony by clear and convincing evidence. Petitioner appealed and on August 6, 2007, the Board of Immigration Appeals ("BIA") affirmed the removal order.

Petitioner commenced the two subject actions to challenge his continued

detention by DHS/ICE. In a separate action Petitioner is challenging the final order of removal on the grounds that he is a citizen of the United States.[1]

On August 6, 2008, Magistrate Judge Bianchini issued a Report and Recommendation, recommending that the two subject actions be consolidated and dismissed. Judge Bianchini found that Plaintiff's detention prior to the issuance of the final order of removal was appropriate pursuant to INA § 236(c) based on Petitioner's criminal record. (Report and Recommendation at 17-18) ("In this case, [the only] relevant and probative evidence in the record - i.e., the certificate of conviction - strongly supported the Government's finding that Arthur is a criminal alien convicted of an aggravated felony. All that currently exists to counter the Government's contention are Arthur's own self-serving assertions of innocence."). Judge Bianchini further found that Petitioner's continued detention after August 6, 2007, the date the BIA affirmed the removal order, was lawful pursuant to INA § 241, since the statutory removal period had not expired, and since such detention did not otherwise violate due process requirements. (*See, Id*. at 24-25) ("If Arthur had sought no further review of his case after the BIA affirmed the [Immigration Judge's] removal order, then the 90-day removal period would have begun on August 6, 2007. However, once the Second Circuit issued its stay of removal, the start of the 90-day removal period was deferred. . . . Since the Second Circuit has not issued its Mandate in this case, the judicial stay remains in place, and Arthur's removal period has not yet begun.") (citations omitted).

---

[1] On May 31, 2007, the Court transferred Case No. 07-CV-6220 to the United States Circuit Court of Appeals for the Second Circuit. (Decision and Order [#3]). On September 16, 2008, the Second Circuit transferred the matter back to this Court "for a de novo hearing and determination of Petitioner's nationality claim," pursuant to 8 U.S.C. § 1252(b)(5)(B) (Appeal No. 07-2353-ag, Order dated September 16, 2008).

On August 20, 2008, Petitioner filed the subject Objections to the Report and Recommendation. Essentially, Petitioner's Objections reiterate his claims that he is a citizen of the United States and that he is innocent of the crime for which he was ordered removed.

## STANDARDS OF LAW

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(C), when a magistrate judge makes a report and recommendation on a matter that is dispositive of a party's claim or defense, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FRCP 72(b)(3). Moreover, where a party is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Having conducted a *de novo* review of the relevant documents, the Court agrees with Judge Bianchini's recommendations. Although Petitioner maintains that he is innocent of the crime for which he was ordered removed, Judge Bianchini correctly found that Petitioner's mere assertion of innocence is insufficient to show that his continued detention is improper. Judge Bianchini also observed that Petitioner apparently never appealed or collaterally attacked the conviction. (Report and Recommendation at 15, n. 8). Moreover, Petitioner's claim to U.S. citizenship is not properly raised in the instant action. *See*, 8 U.S.C. § 1252(b)(5). Instead, Petitioner's nationality claim will be resolved in his separate action challenging the final order of

removal, discussed above, which was recently transferred to this Court by the Second Circuit for resolution of the nationality claim.

## CONCLUSION

Petitioner's objections are denied, and Judge Bianchini's Report and Recommendation is affirmed and adopted in all respects. This consolidated action is dismissed. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated:   November 13, 2008
         Rochester, New York

ENTER.


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge